```
BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $90,830.00 IN<br>U.S. CURRENCY,<br><br>    Defendant. | 2:10-cv-00390 FCD EFB<br><br>JOINT STATUS REPORT AND STIPULATION TO STAY FURTHER PROCEEDINGS; **ORDER** |

Pursuant to this Court's Order Requiring Joint Status Report the plaintiff United States of America and claimant Charles M. Hilkey submit the following report.

**(a) Brief summary of the claims and legal theories under which recovery is sought or liability denied:**

Plaintiff contends that the defendant currency is the proceeds of marijuana trafficking and is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). Claimant denies these allegations.

The facts are complicated, but the legal theories in this case are straightforward: Plaintiff United States of America

contends the Charles M. Hilkey was engaged in the manufacture and distribution of marijuana, and that this currency is the proceeds of that criminal activity.

**(b) Status of service upon all defendants and cross-defendants and claimants:**

All potential claimants have been served, and the time for filing claims by potential claimants who received direct notice of the forfeiture has expired.

**(c) Possible joinder of additional parties:**

Plaintiff does not anticipate that there will be any additional parties, but it is possible that a person who sees the notice of forfeiture on the government website will file a claim and answer and will therefore become a party. Under Rule G (5)(a)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions a person who did not receive direct notice of the forfeiture (e.g. by certified mail or personal service), but who sees the notice of forfeiture on the website, can file a claim as late as 60 days after the first day of publication on the government website. The Order for Publication has not yet been signed, but the plaintiff will arrange for publication as soon as the order is signed.

**(d) Contemplated amendments to the pleadings:**

The parties do not contemplate amending the pleadings. In light of the requested stay (see below) plaintiff does not object if claimant Hilkey files his Answer after the stay is lifted.

**(e) Statutory basis for jurisdiction and venue**:

Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a). Venue is based on 28 U.S.C. §§ 1355(b) and 1395, and 21 U.S.C. §

881(j).

    **(f) Anticipated discovery and the scheduling of discovery, including:**

    **(1) what changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed. R. Civ. P. 26(a)(1)(B)(ii).

In addition, the parties request that a stay of further proceedings be entered at this time pending the outcome of the related criminal case now pending against claimant Hilkey. Hilkey is a defendant in <u>U.S. v. Charles M. Hilkey, Jr., Rachelle Sari Garnitz, and Bram Gabriel Lewis</u>, 2:09-cr-00412 FCD now pending in this court.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). As explained above in (a) above, the plaintiff contends that claimant Hilkey was involved in the manufacture and distribution of marijuana. If discovery proceeds at this time, claimant Hilkey will be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to pursue his claims to the defendant property, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself. If he invokes his Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claim he filed with this court.

In addition, claimant intends to depose, among others, the agents involved in this investigation, including but not limited to the agents with the Internal Revenue Service and the Drug Enforcement Administration. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

The parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the pending criminal case, and/or upon claimant's ability to prove his claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed until the related criminal case is over. At that time the parties will advise the court whether a further stay is necessary.

**(2) the subjects on which discovery may be needed; when discovery should be completed; and whether discovery should be conducted in phases;**

As explained above the parties request a stay of further proceedings.

**(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

The parties do not request any changes in the discovery limitations imposed by Fed. R. Civ. P. 26(b)(2), 30, or 33.

**(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

As explained above the parties request a stay of further proceedings, including expert disclosure.

**(5) Proposed dates for discovery cut-off:**

Not applicable in light of requested stay of further proceedings.

**(g) Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

Not applicable in light of the requested stay of further proceedings.

**(h) Proposed date for final pretrial conference:**

Not applicable in light of the requested stay.

**(i) Proposed date for trial, estimate of days of trial, and whether any party has demanded a jury:**

Not applicable in light of the requested stay.

**(j) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**

None.

**(k) Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

None.

**(l) Whether the case is related to any other case pending in this district, including the bankruptcy courts of this district:**

This case is related to U.S. v. Real Property in Nevada County, APN: 61-070-08, et al., 2:09-cv-03542 FCD-GGH ("Hilkey #1-Cherokee/Callahan); U.S. v. Real Property in Nevada County, APN: 61-160-02, et al., 2:09-cv-03062 FCD-GGH ("Hilkey #2-Sparky/Cherokee"); U.S. v. Real Property in Nevada County, APN: 61-160-05, 2:09-cv-03063 FCD-GGH, "Hilkey #3-Roth"); and U.S. v. Real Property Located at 24271 Hoyt Crossing Road, in Nevada

County, APN: 60-360-15, 2:09-cv-03085 FCD-GGH ("Hilkey #4-Lewis) and to U.S. v. Charles Miller Hilkey, Jr. et al., 2:09-cr-412 FCD. A Notice of Related Cases has been filed in each civil case and in the criminal case.

**(m) Prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge:**

Prospects for settlement are unknown at this time.

(n) **Any other matter that may be conducive to the just and expeditious disposition of the case.**

None.

Date: March 17, 2010          BENJAMIN B. WAGNER
                              United States Attorney

                         By   /s/ Kristin S. Door
                              KRISTIN S. DOOR
                              Assistant U.S. Attorney
                              Attorneys for Plaintiff
                              United States of America


Dated: March 16, 2010         BLACKMON & ASSOCIATES



                         By   Clyde M. Blackmon (as authorized
                              on 3/16/10)
                              CLYDE M. BLACKMON
                              Attorney for claimant
                              Charles M. Hilkey, Jr.

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the related criminal case is over. Within 30 days after all proceedings in U.S. District Court in U.S. v. Hilkey et al., have

1 concluded, the parties will advise the court whether a further
2 stay is necessary.
3
4 **IT IS SO ORDERED.**
5 Dated: March 17, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE